# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

BERNEST BENJAMIN,

    Petitioner,

v.                                                                                                                 No. 17-cv-1274 JCH/SMV

ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO and GERMAN FRANCO,

    Respondents.

## ORDER QUASHING FEBRUARY 15, 2018 ORDER TO SHOW CAUSE, GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, AND ORDERING PETITIONER TO SHOW CAUSE

THIS MATTER is before the Court, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, on Petitioner Bernest Benjamin's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus ("§ 2254 petition"), filed on December 29, 2017. [Doc. 1]. Also before the Court are Petitioner's Motion for Leave to Proceed Pursuant to 28 U.S.C. § 1915 [Doc. 2] and response to the Court's February 15, 2018 Order to Show Cause [Doc. 6]. For the following reasons, the Court's Order to Show Cause [Doc. 6] will be quashed; Petitioner's motion seeking leave to proceed *in forma pauperis* [Doc. 2] will be granted; and Petitioner will be ordered to show cause why his § 2254 petition should not be dismissed.

Petitioner was incarcerated at the time he filed his § 2254 petition, but subsequently was released from state custody. *See* [Docs 1, 3, 6]. After a mailing to Petitioner was returned as undeliverable, the Court ordered Petitioner to "notify the Clerk of Court in writing of his current mailing address or otherwise show cause why his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 should not be dismissed." [Doc. 5]. Petitioner timely responded to the Court's

order to show cause, reaffirming that his current mailing address is correct. [Doc. 6]. In light of Petitioner's timely response, the Court's February 15, 2018 Order to Show Cause [Doc. 5] will be quashed.

Turning to Petitioner's Motion for Leave to Proceed Pursuant to 28 U.S.C. § 1915, Petitioner avers that he has zero assets, zero income, and zero funds available to prepay the filing fee. [Doc. 2] at 2. Attached to Petitioner's motion is an inmate account statement for the preceding six-month time period, which reflects an ending balance of $.00 as of November 30, 2017. Because it appears that Petitioner is unable to prepay the filing fee pursuant to 28 U.S.C. § 1915, the Court will grant Petitioner's motion to proceed *in forma pauperis* [Doc. 2].

Petitioner's § 2254 petition challenges his state criminal convictions and sentences in D-202-CR-2008-2766 and D-202-CR-2008-5305, as well as the subsequent revocation of his probation. [Doc. 1]. The Court will take judicial notice of its own docket, which reflects that Petitioner previously has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging the revocation of his probation in the same state criminal cases. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Co.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (noting that "[j]udicial notice is particularly applicable to the court's own records of prior litigation closely related to the case before it"). In *Benjamin v. Nance*, 13-cv-0629 MV/CG, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the revocation of his probation in D-202-CR-2008-2766 and D-202-CR-2008-5305, which was dismissed without prejudice for failure to exhaust state remedies. *See Benjamin v. Nance*, 13-cv-0629 MV/CG, [Doc. 20] (D.N.M. Feb. 21, 2014). Because Petitioner's prior § 2254 was dismissed without prejudice for

2

failure to exhaust state remedies, the present petition is not "second or successive" under 28 U.S.C. § 2244. *See Slack v. McDaniel*, 529 U.S. 473, 489 (2000) (holding that "a habeas petition filed after an initial petition was dismissed under *Rose v. Lundy* without an adjudication on the merits is not a 'second or successive' petition").

Nonetheless, the Court notes that some of Petitioner's claims appear to be barred by the one-year limitations period in 28 U.S.C. § 2244(d)(1). *See Day v. McDonough*, 547 U.S. 198, 209 (2006) (holding that "district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition"). Petitioner challenges his original convictions and sentences, which, according to the face of the petition and the attached exhibits, became final in March 2010, more than seven years prior to the filing of the present petition. *See* [Doc. 1] at 4–5; *see also Benjamin v. Nance*, 13-cv-0629 MV/CG, [Doc. 8] (D.N.M. Sept. 13, 2013). Although the one-year limitation period is subject to statutory tolling during the pendency of an appeal or a state post-conviction proceeding, *see* 28 U.S.C. § 2244(d)(2), Petitioner's § 2254 petition and the attached exhibits reflect that Petitioner did not file an appeal from the original judgment of conviction and sentence, nor did he file a state post-conviction proceeding until after the expiration of the one-year limitation period. *See* [Doc. 1] at 5 (indicating Petitioner filed a state petition for writ of habeas corpus on November 6, 2014). Because a state petition filed after the expiration of the one-year limitation period is ineligible for statutory tolling, s*ee Fisher v. Gibson*, 262 F.3d 1135, 1142–43 (10th Cir. 2001), Petitioner's § 2254 claims challenging his original convictions and sentences are time-barred absent equitable tolling, s*ee Holland v. Florida*, 560 U.S. 631, 634 (2010) (holding that "the timeliness provision in the federal habeas corpus statute is subject to

equitable tolling").

Equitable tolling "is a rare remedy . . . to be applied sparingly." *Yang v. Archuleta*, 525 F.3d 925, 929 (10th Cir. 2008) (internal quotation marks and citation omitted). "Generally, equitable tolling requires a litigant to establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* at 928 (internal quotation marks and citation omitted). "[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." *Id.* (internal quotation marks and citation omitted). "[C]onclusory statement[s] . . . will not suffice." *Id.* at 930. In light of the foregoing, Petitioner must show cause in writing, within 30 days of the date of entry of this Order, why his § 2254 claims challenging his original convictions and sentences should not be dismissed as barred by the one-year limitation period in § 2244(d)(1).

Petitioner's § 2254 petition also appears to challenge the revocation of his probation, but the record reflects that he has completed serving his sentence and has been discharged from probation. *See* [Doc. 1-1] at 14–15 (April 9, 2014 Order Revoking Probation sentencing Petitioner to four years in the custody of the New Mexico Department of Corrections and indicating "[n]o probation upon release"). It is well established that an actual controversy must exist at all stages of the litigation and an intervening change in circumstance may render an action moot, thus depriving the Court of jurisdiction. *See Brown v. Buhman*, 822 F.3d 1151, 1165 (10th Cir. 2016). "A suit becomes moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* (internal quotation marks and citation omitted). "The crucial question is whether granting a present determination of the issues

4

offered will have some effect in the real world." *Id.* (internal quotation marks and citation omitted).

Although Petitioner was in custody at the time he filed his § 2254 petition on December 29, 2017, he was released from custody in January 2018. *See* [Doc. 1] at 37; [Doc. 3].

> An incarcerated convict's (or parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained.

*Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Although the Court presumes "that a wrongful criminal conviction has continuing collateral consequences," this presumption does not extend to parole and probation revocations. *Id.* at 8, 8–14. Thus, when a petitioner challenges a parole or probation revocation, "but has completed the sentence imposed upon the revocation, the defendant bears the burden of demonstrating the existence of actual collateral consequences resulting from the revocation." *United States v. Meyers*, 200 F.3d 715, 719 (10th Cir. 2000).

Petitioner recognizes that his § 2254 petition may be moot, but alleges that he will suffer collateral consequences absent habeas relief because the revocation of his probation "might be used to enhance a future offence or to impeach his credibility as a witness." [Doc. 1] at 19. In *Spencer v. Kemna*, 523 U.S. at 15, the United States Supreme Court rejected the argument that the enhancement of a future sentence was sufficient to satisfy the collateral consequences doctrine, explaining that:

> [W]e are . . . unable to conclude that the case-or-controversy requirement is satisfied by general assertions or inferences that in the course of their activities respondents will be prosecuted for violating valid criminal laws. We assume that respondents will conduct their activities within the law and so avoid prosecution and conviction.

*Id.* (internal quotation marks and citation omitted). Similarly, the Court held that impeachment as a witness in a future criminal or civil proceeding was insufficient to establish collateral consequences, because "it is purely a matter of speculation whether such an appearance will occur," whether the prosecutor would choose to use the parole revocation to impeach the petitioner, and whether the judge would permit such impeachment. *Id.* at 15–16. In light of the foregoing, to the extent Petitioner challenges the revocation of his probation, he must show cause in writing, within 30 days of the date of this Order, why such claims should not be dismissed as moot.

Petitioner's written show-cause response must include the civil action number of this proceeding (No. 17-cv-1274 JCH/SMV). Failure to timely file a written show-cause response may result in the dismissal of Petitioner's § 2254 petition without further notice.

**IT IS THEREFORE ORDERED** that the Court's February 15, 2018 Order to Show Cause [Doc. 5] is QUASHED.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Leave to Proceed Pursuant to 28 U.S.C. § 1915 [Doc. 2] is GRANTED and Petitioner may proceed without prepayment of costs or other fees or the necessity of giving security therefor.

**IT IS FURTHER ORDERED** that Petitioner show cause in writing, within 30 days of the date of entry of this Order, why his § 2254 petition should not be dismissed for the reasons explained above.

**IT IS SO ORDERED**.

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**