**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

BERNEST BENJAMIN,

    Petitioner,

v.                                                                             No. 1:17-cv-1274 JCH/SMV

GERMAN FRANCO and
ATTORNEY GENERAL OF
THE STATE OF NEW MEXICO,

    Respondents.

## **MEMORANDUM OPINION AND ORDER**

       Before the Court is Bernest Benjamin's show-cause response (Doc. 19) filed in connection with his 28 U.S.C. § 2254 habeas petition (Doc. 1). Benjamin is proceeding *pro se* and *in forma pauperis*. For the reasons below, the Court must dismiss the petition.

       Benjamin challenges two separate state convictions, Case Nos. D-202-CR-2008-5308 and D-202-CR-2008-2766. (Doc. 1 at 4). In the first case, Benjamin pled nolo contendere to kidnapping. *See* Case No. D-202-CR-2008-5308.[1] In the second case, Benjamin pled nolo contendere to battery upon a peace officer and driving under the influence of drugs or alcohol. *See* Case No. D-202-CR-2008-2766. The state court entered Judgment on both convictions on the same date - March 22, 2010. *See* Case Nos. D-202-CR-2008-5308 and D-202-CR-2008-2766. Benjamin did not appeal either Judgment, and he was released from jail in the following year. *Id.*

      Between 2011 and 2014, the state court revoked Benjamin's probation several times. *Id.*

---

[1] The Court took judicial notice of the state court criminal dockets. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (courts have "discretion to take judicial notice of publicly-filed records … concerning matters that bear directly upon the disposition of the case at hand").

In 2013, Benjamin filed his first § 2254 petition challenging the revocation of probation. *See Benjamin v. Nance,* 13-cv-0629 MV-CG. The Court dismissed the petition without prejudice for failure to exhaust state remedies. (Doc. 20 in 13-cv-0629 MV-CG). Benjamin returned to state court and filed habeas petitions and miscellaneous *pro se* motions, which were all denied. *See* Case Nos. D-202-CR-2008-5308 and D-202-CR-2008-2766.

Benjamin filed the instant § 2254 proceeding on December 29, 2017. (Doc. 1). He challenges both state court convictions as well as the subsequent revocation proceedings. *Id.* By a Memorandum Opinion and Order entered April 9, 2018, the Court directed Benjamin to show cause why the petition should not be summarily dismissed. (Doc. 7). The Court noted the petition appears to be time-barred, as the convictions became final more than seven years before Benjamin filed the instant action. *See* 28 U.S.C. § 2244(d)(1)(A) (Petitions for a writ of habeas corpus by a person in state custody must generally be filed within one year after the defendant's conviction becomes final). The petition also appears moot because Benjamin was released from custody in January 2018. (Doc. 1 at 37; Doc. 3). A released petitioner can only prevail under § 2254 where "a wrongful criminal conviction has continuing collateral consequences." *Spencer v. Kemna,* 523 U.S. 1, 7 (1998). Where, as here, the petitioner has completed his sentence following a revocation proceeding, the Court presumes there are no continuing collateral consequences unless he proves otherwise. *See United States v. Meyers,* 200 F.3d 715, 719 (10th Cir. 2000).

Benjamin filed his show-cause response on August 27, 2018. (Doc. 19). He declines "to argue mootness," alleging "it is satisfied by *Spencer v. Kemna* 523 U.S. 1, 7 (1998)." *Id.* at 1. The Court specifically cited *Spencer* in its prior Order and determined the petition is moot

under the reasoning of that case. Benjamin has not cited any additional facts that would change the analysis under *Spencer*, nor has he described what collateral consequences, if any, he still faces because of the conviction. The petition is therefore moot.

Benjamin's show-cause response is also insufficient to overcome the time-bar. As the Court previously noted, he filed the § 2254 petition over seven years after entry of the criminal judgments. Benjamin contends the one-year limitation period was tolled under 28 U.S.C. § 2244(d)(2) because he filed various state habeas petitions. (Doc. 1 at 2-3). Specifically, he alleges his convictions became final on April 9, 2014; he filed a state habeas petition on October 31, 2014; and the habeas proceedings were finally resolved in November 2017. *Id*. The response gives no indication why Benjamin believes the criminal judgments entered March 22, 2010 became final in 2014. It is well-established that, absent an appeal, a criminal conviction becomes final upon the expiration of the state appeal period. *See Locke v. Saffle*, 237 F.3d 1269, 1271-1273 (10th Cir. 2001). The New Mexico appeal period is 30 days, meaning the conviction became final on April 21, 2010, and the one-year limitation period expired on April 21, 2011. *See* 28 U.S.C. § 2244(d); NMRA, Rule 12-201 (providing that a notice of appeal must be filed within 30 days after entry of the judgment). Therefore, Benjamin's 2014 state habeas petitions did not restart the clock or otherwise immunize the untimely federal petition. *See Gunderson v. Abbott*, 172 Fed. App'x. 806, 809 (10th Cir. 2006) (unpublished) ("A state court [habeas] filing submitted after the … deadline does not toll the limitations period."); *Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001) (same).

For the foregoing reasons, the Court will dismiss Benjamin's § 2254 petition as untimely and moot. The Court will also deny a certificate of appealability under Habeas Corpus Rule 11,

3

as Benjamin failed to make a substantial showing that he has been denied a constitutional right.

**IT IS ORDERED** that Bernest Benjamin's habeas corpus petition under 28 U.S.C. § 2254 (Doc. 1) is **DISMISSED WITH PREJUDICE**; a certificate of appealability is **DENIED**; and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE