# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

BERNEST BENJAMIN,

    Petitioner,

v.                                                 No. 1:17-cv-1274 JCH/SMV

GERMAN FRANCO and
ATTORNEY GENERAL OF
THE STATE OF NEW MEXICO,

    Respondents.

## MEMORANDUM OPINION AND ORDER

Before the Court is Bernest Benjamin's Motion to Alter or Amend Judgment (Motion to Reconsider). (Doc. 24). Benjamin seeks relief from the ruling dismissing his 28 U.S.C. § 2254 habeas petition. (Doc. 20). In that ruling, the Court declined to vacate Benjamin's state convictions for kidnapping, battery, and driving while intoxicated, Case Nos. D-202-CR-2008-5308 and D-202-CR-2008-2766. (Doc. 1 at 4). Benjamin filed the federal habeas proceeding after he completed both sentences. The Court determined the proceeding was moot because Benjamin was no longer in custody, and his show-cause response failed to demonstrate any collateral consequences stemming from the convictions. (Doc. 20 at 3-4). The Court also concluded the petition was time-barred; the state court entered judgments on the convictions in 2010, and Benjamin did not file the federal habeas proceeding until 2017. (Doc. 20 at 3-4).

Benjamin filed the Motion to Reconsider on December 10, 2018, twenty-five days after entry of the Judgment. The Court will therefore analyze his arguments under Fed. R. Civ. P. 59(e). *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991); *Manco v. Werholtz*, 528 F.3d 760, 761 (10th Cir. 2008). Grounds for reconsideration include: (1) an intervening change in the controlling law; (2) newly discovered evidence; and (3) the need to correct clear error

or prevent manifest injustice.  *See Hayes Family Tr. v. State Farm Fire & Cas. Co.*, 845 F.3d 997, 1004 (10th Cir. 2017) (quotations omitted).  A motion to reconsider is also appropriate where the "court has misapprehended the facts, a party's position, or the controlling law." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  However, Rule 59(e) cannot be used to "revisit issues already addressed or advance arguments that could have been raised in prior briefing."  *Id.*  District courts have considerable discretion in deciding whether to disturb a judgment under Rule 59(e).  *See Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

The instant Motion to Reconsider primarily revisits Benjamin's arguments on timeliness. He contends:

> (A): The state criminal judgments became final in 2014, rather than 2010, because the prosecutor initiated revocation proceedings in 2014;
>
> (B): He is eligible for tolling because the factual predicate for his habeas claims did not become evidence until some later date, and the state prosecutor misled him regarding a plea deal; and
>
> (C): He is eligible for tolling because he filed a state habeas petition.

(Doc. 24 at 1-9).

The Court carefully considered timeliness in its prior Order to Show Cause and Memorandum Opinion and Order of Dismissal.  (Docs. 14, 20).  Petitioner has not pointed to new law or evidence beyond what he argued in his show-cause response (Doc. 19).  Further, and more importantly, reconsideration of the timeliness issue would not warrant relief from the Judgment.  The Court also determined the petition must be dismissed as moot, an alternative ruling that was distinct from the time-bar.  It is undisputed that Benjamin completed both sentences, and none of his filings address collateral consequences stemming from the convictions.

*See United States v. Meyers,* 200 F.3d 715, 719 (10th Cir. 2000) (following the completion of a sentence, petitioner must identify specific collateral consequences stemming from the conviction).

Accordingly, there are no grounds to alter the Judgment, and the Motion must be denied. The Court also denies a certificate of appealability, as Benjamin has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1)(A); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000); Rule 11, Rules Governing Section 2254 Cases in the United States District Courts.

**IT IS ORDERED** that Bernest Benjamin's Motion to Alter or Amend Judgment (Doc. 24) is **DENIED**.

_____
UNITED STATES DISTRICT JUDGE